UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SENSUS HEALTHCARE, INC.,                          Case No. 25-13515

      Plaintiff,                                F. Kay Behm
v.                                                United States District Judge

MICHIGAN HEALTH CLINICS, P.C.

      Defendant.
_____ /

## ORDER GRANTING MOTION TO REMAND (ECF No. 5)

On November 4, 2025, Dr. David Stockman, as sole officer and managing representative of Defendant Michigan Health Clinics, P.C., filed a notice of removal from state court.  (ECF No. 1).  On December 4, 2025, Plaintiff filed a timely motion to remand this matter back to state court.  (ECF No. 5).  Defendant has failed to respond to the motion.  *See* ED Mich. LR 7.1(c)(1) ("A respondent opposing a motion must file a response...").  "The failure to file a response [to a motion to remand] is both a forfeiture of a party's claim and a waiver of opposition to the relief sought in the motion." *Stewart v. Lamie*, No. 1:24-CV-690, 2025 WL 1276869, at *2 (W.D. Mich. Apr. 11, 2025), report and recommendation adopted, 2025 WL 1896159 (W.D. Mich. July 9, 2025) (citing *Notredan, L.L.C. v. Old Republic Exchange*

1

*Facilitator Co.*, 531 F. App'x 567, 569 (6th Cir. 2013) (the plaintiff's failure to respond to a motion to dismiss its claim amounts to a forfeiture of that claim); *Scott v. Tennessee*, 878 F.2d 382 (6th Cir. 1989) (affirming district court's grant of the defendant's unopposed motion to dismiss, noting that "if a plaintiff fails to respond or to otherwise oppose a defendant's motion, then the district court may deem the plaintiff to have waived opposition to the motion").  Accordingly, the motion is **GRANTED** based on Defendant's failure to respond.  This matter is **REMANDED** to the Saginaw County Circuit Court, State of Michigan.

Plaintiff requests costs and attorney fees.  The removal statute provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  28 U.S.C. § 1447(c).  The Supreme Court has instructed that, "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal."  *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005); *Paul v. Kaiser Found. Health Plan*, 701 F.3d 514, 523 (6th Cir. 2012). Fees should be denied if "an objectively reasonable basis exists" for removal. *Id*.

2

Here, Defendant lacked an objectively reasonable basis for the removal because Dr. Stockman impermissibly removed the matter pro se on behalf of corporation.  It is well-settled that non-lawyers, such as Dr. Stockman, cannot remove a case to federal court on behalf of a corporation.  *Cluck-U Corp. v. Docson Consulting, LLC*, No. 1:11-CV-1295, 2011 WL 4072987, at *2 (M.D. Pa. Sept. 13, 2011) (citing *United States v. Cocivera*, 104 F.3d 566 (3d Cir.1996) (quoting *Rowland v. California Men's Colony*, 506 U.S. 194, 201–202 (1993) ("It has been the law for the better part of two centuries … that a corporation may appear in the federal courts only through licensed counsel.")); *see also*, *Wilmington Tr., Nat'l Ass'n as Tr. for Holders of B2R Mortg. Tr. 2016-1 Mortg. Pass-Through Certificates v. Schuldner, LLC*, No. 18-CV-2393, 2018 WL 4901090, at *1 (D. Minn. Sept. 7, 2018), report and recommendation adopted, 2018 WL 6819542 (D. Minn. Oct. 24, 2018) (Non-attorney could not file pleadings on behalf of corporation and thus, the notice of removal was deemed inoperative, requiring remand to state court.); *S. Gaines, LLC v. ETL Int'l LLC*, No. CA 3:12-227, 2012 WL 1016207, at *2 (D.S.C. Feb. 27, 2012), report and recommendation adopted, 2012 WL 1019160 (D.S.C. Mar. 26, 2012) (Notice of removal improper because it was not filed by a licensed attorney; "It is well settled that *pro se* persons, regardless of the

nature of their connection to a corporation as an officer or shareholder, cannot legally represent corporations in this court.").

Dr. Stockman was aware of this requirement when he filed the Notice of Removal, as evidenced by his statement in the Notice of Removal that "This Notice of Removal is submitted **solely by David Stockman in his administrative capacity as the sole office and statutory representative of Michigan Health Clinics, P.C.**, for the **limited and ministerial purpose** of preserving federal jurisdiction, protecting property of the bankruptcy estate, and preventing default based on procedural irregularities." (ECF No. 1, PageID.4) (emphasis in original). Dr. Stockman further wrote in the Notice of Removal that this filing does not constitute the practice of law and does not "purport to offer legal argument or representation on behalf of the corporation in ongoing litigation." *Id*. at PageID.5. Finally, Dr. Stockman represented that corporate counsel was being retained and would appear promptly. *Id*. The court also informed him that Defendant was required to be represented by counsel and imposed a deadline of December 5, 2025 for counsel to appear. (ECF No. 4). No counsel has ever appeared on behalf of Defendant. Thus, because the Notice of Removal was knowingly and improperly filed by a non-lawyer on behalf of a corporation, and that impropriety was never corrected,

4

there is a lack of an objectively reasonable basis for the removal.

Accordingly, Plaintiff is entitled to costs and actual expenses, including

attorney fees, incurred as result of the removal.

Although the case will be remanded to the state court for further

proceedings, this court will maintain jurisdiction over the case for only the

purpose of ensuring that Plaintiff is awarded costs and expenses, including

attorney fees, related to the removal.  *Stallworth v. Greater Cleveland Reg'l

Transit Auth*., 105 F.3d 252, 257 (6th Cir. 1997) ("[A] district court, after issuing

an order of remand, may make an award of attorney fees and costs in a

separate order.").  Plaintiff must submit, with supporting verification, a

statement of costs and expenses incurred as a result of the removal, within

14 days of entry of this Order.

      **SO ORDERED**.

Date: May 8, 2026                          s/F. Kay Behm
                                                 F. Kay Behm
                                                 United States District Judge